UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

PATRICIA DIANNE DOVER,           )
                                  )
        *Plaintiff*,              )
v.                                )          No. 1:04-cv-378
                                  )          *Edgar / Carter*
JO ANNE B. BARNHARDT,            )
Commissioner of Social Security,  )
                                  )
        *Defendant*.              )


## MEMORANDUM  AND  ORDER


        Plaintiff Patricia Dianne Dover ("Dover") brings this action pursuant to 42 U.S.C.

§ 405(g).  Dover seeks judicial review of the decision of the Commissioner of the Social Security

Administration ("Commissioner") denying her a period of disability and disability insurance benefits

under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423.

        In December 2002, Dover applied for disability insurance benefits with the Social

Security Administration alleging the onset of disability from December 5, 2002.  The Administrative

Law Judge ("ALJ") held an evidentiary hearing.  The ALJ determined that Dover's application

should be denied because she retains the residual ability to perform work that exists in significant

numbers in the national economy.  The Appeals Council denied further review which makes the

ALJ's decision the final decision of the Commissioner.

1

# I.    Pending Motions and Magistrate Judge's Report and Recommendation

Dover moves for summary judgment [Court Doc. No. 19]. Defendant also moves for summary judgment [Court Doc. No. 22] pursuant to Fed. R. Civ. P. 56.

The case was referred to United States Magistrate Judge William B. Mitchell Carter for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed a report and recommendation on February 9, 2006. [Court Doc. No. 25]. The Magistrate Judge recommends that Dover's summary judgment motion be denied, the defendant's summary judgment motion be granted, the Commissioner's decision be affirmed, and that Dover's complaint be dismissed.

Dover objects to the report and recommendation. [Court Doc. No. 26]. After reviewing the record *de novo*, the Court concludes that Dover's objections are not well taken and are **DENIED**.

The Court **ACCEPTS and ADOPTS** the Magistrate Judge's report and recommendation pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P 72(b). Plaintiff Dover's motion for summary judgment [Court Doc. No. 19] is **DENIED**. The defendant's motion for summary judgment [Court Doc. No. 22] is **GRANTED** pursuant to Fed. R. Civ. P. 56. The administrative decision of the Commissioner will be **AFFIRMED**, and the plaintiff's complaint will be **DISMISSED WITH PREJUDICE.**

# II.    Standard of Review

The Court must determine whether the ALJ failed to apply the correct legal standard and whether the ALJ's findings of fact are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). This Court must affirm the

decision of the ALJ absent a determination that the ALJ either failed to apply the correct legal standards or made findings of fact which are unsupported by substantial evidence. *Storey v. Commissioner of Social Security,* 181 F.3d 104 (Table, text in 1999 WL 282700, * 1 (6th Cir. April 27, 1999)); *Warner v. Comm'r of Social Sec.,* 375 F.3d 387, 390 (6th Cir. 2004); *Walters v. Comm'r of Social Sec.,* 127 F.3d 525, 528 (6th Cir. 1997).

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walker v. Secretary of Health and Human Services*, 980 F.2d 1066, 1070 (6th Cir. 1992); *Garner*, 745 F.2d at 388. In determining the existence of substantial evidence, the Court examines the administrative record as a whole. *Walker*, 980 F.2d at 1070.

The Commissioner and the ALJ should be affirmed even if this Court might have decided the matter differently, or if there is some substantial evidence that supports the opposite conclusion. The Court may not substitute its own judgment for that of the Commissioner and the ALJ merely because substantial evidence supports a different conclusion. *Storey,* 1999 WL 282700 at * 1; *Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996); *Cutlip v. Secretary of Health and Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994); *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The substantial evidence standard allows considerable latitude to an administrative decision maker because it presupposes there is a zone of choice within which the decision maker can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986). This Court may not decide issues of credibility of witnesses. *Storey,* 1999 WL 282700 at * 1; *Walters*, 127 F.3d at 528; *Felisky*, 35 F.3d at 1036.

### III.    Plaintiff's Objection to Report and Recommendation

Dover's objection is that both the ALJ and the Magistrate Judge have not followed and applied the controlling law of the Sixth Circuit which requires the ALJ in Social Security cases to give great weight and deference to the expert medical opinion of a treating physician over the expert opinion of a physician who did not examine the claimant.

More specifically, Dover argues that the ALJ erred by: (1) failing to give controlling weight to the expert medical opinion of Dover's treating physician, Dr. Richard Brackett; and (2) giving controlling weight instead to the expert medical opinion of Dr. Edrick Lopez-Enriquez, a board certified rheumatologist, who reviewed all of Dover's records and testified by telephone at the hearing before the ALJ without ever examining Dover.  Dr. Brackett and Dr. Lopez-Enriquez reached different opinions concerning the extent of the limitations and restrictions on Dover's ability to perform work.  Dover contends that Dr. Brackett, who examined and treated Dover on numerous occasions during a two-year period, was in a much better position to offer an informed opinion.  In sum, Dover argues that it erroneous and contrary to law for the ALJ to give more weight to the opinion of to Dr. Lopez-Enriquez than to the opinion of the treating physician, Dr. Brackett.

### IV.    Analysis

Dover's objections fail.  The findings of fact and conclusions of law in the Magistrate Judge's well-reasoned report and recommendation are entirely correct.  The Magistrate Judge has followed and applied the law of the Sixth Circuit in reviewing the ALJ's decision concerning the proper weight to be accorded to the opinion of a treating physician.  The Court further concludes that the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence in the record.

A.    **Opinion of Dr. Brackett**

In May 2002, Dover went to Dr. Brackett complaining of pain in her neck, lower back, and knees.  Dover also reported exhaustion and fatigue. Dr. Brackett diagnosed Dover as suffering from ankylosing spondylitis and fibromyalgia.

In September 2002, Dover was examined by Dr. Brackett.  Dover complained that she was experiencing back and shoulder pain, headaches, dizziness, and blurred vision.  Dover brought x-rays with her.  Dr. Brackett diagnosed osteoarthritis with degenerative disc disease.

In December 2002, Dr. Brackett noted that Dover was "miserable with pain, soreness and stiffness, as well as fatigue and tearfulness."  Dover reported that her medications were not helpful.  Dover lost her job the day before her visit to Dr. Brackett in December 2002.  Dover told Dr. Brackett that she had been unable to endure a day's work due to pain.  Dr. Brackett changed Dover's medication.  Dr. Brackett noted that Dover "cannot work" and he encouraged Dover to pursue a claim for disability benefits.  Dr. Brackett thought that even sedentary jobs would be difficult for Dover.

In January 2003, Dr. Brackett noted that Dover complained of suffering pain in her joints and muscles, along with fatigue.  Dr. Brackett noted tender points in Dover's neck, trapezial, intrascapular, lumbar chest wall and forearm areas.  Dr. Brackett diagnosed sacroilitis consistent with ankylosing spondylitis and fibromyalgia.

In March 2003, Dr. Brackett wrote a letter supporting Dover's application for Social Security disability.  Dr. Brackett stated that Dover was unable to engage in long-term employment and that even sedentary, part-time activity would result in a worsening of her symptoms and pose physical health problems.  Dr. Brackett completed a form concerning Dover's physical abilities.  Dr.

Brackett expressed his opinion that Dover could do the following: (1) sit for one hour at a time for a total of two hours per day; (2) stand/walk for less than an hour at a time for a total of one hour during the workday; (3) infrequently lift up to ten pounds; and (4) occasionally use her hands for fine manipulation but only infrequently bend, reach, or stand on a hard surface. Dr. Brackett further opined that Dover required one hour of bed rest during a normal workday, and she needed a half-hour of rest for every four hours of work. Dr. Brackett opined that Dover's pain was severe, her pain plus medication would cause daily lapses in concentration and memory, and Dover would need to be absent from work on a chronic basis. Dr. Brackett recommended that Dover avoid heat and heights. Dr. Brackett also completed a form concerning Dover's mental health. In Dr. Brackett's opinion, Dover was not significantly limited in her ability to remember locations and work procedures. Dover was mildly limited in her ability to understand and member both simple and detailed instructions.

In April 2003, Dover returned to Dr. Brackett with various complaints of pain. Dr. Brackett prescribed medication and reiterated his opinion that Dover cannot work.

In October 2003, Dr. Brackett wrote a "To Whom It May Concern" letter explaining that Dover's diagnosis of ankylosing spondylitis was established by a history of inflammatory low back pain with prolonged morning stiffness. The letter also stated that Dover x-ray evidence of sacroilitis consistent with this diagnosis.

In January 2004, Dr. Brackett answered interrogatories. He explained that, in his opinion, Dover's ankylosing spondylitis was moderate and her pain symptoms were related both to her ankylosing spondylitis and fibromyalgia. Dr. Brackett said that Dover's muscle strength and range of motion tests were normal, but Dover's ability to perform sedentary work activity for more

6

than three hours out of an eight-hour day was limited due to pain. Later in January 2004, Dr. Brackett saw Dover again. Dr. Brackett continued to be of the opinion that Dover was unable to work because of severe pain due to arthritis.

In May 2004, Dover continued to report back pain, right gluteal pain, stiffness, and fatigue. Dover also reported nausea and alternating constipation/diarrhea. Dr. Brackett noted that Dover could not work.

### B.    Opinion of Dr. Lopez-Enriquez

Dr. Lopez-Enriquez was not Dover's treating physician and he never examined Dover. However, Dr. Lopez-Enriquez, a board certified rheumatologist, reviewed all of Dover's records. It is important to bear in mind that Dover was examined by other persons in addition to Dr. Brackett. As discussed *infra*, Dr. Brackett was not the only person who examined Dover. Dr. Lopez-Enriquez may base his expert opinion on the reports of these other persons and all the relevant facts in the record.

During the evidentiary hearing before the ALJ, Dr. Lopez-Enriquez testified that Dover's low back pain was caused by bilateral sacroilitis, which is a spondyloarthritic condition similar to ankylosing spondylitis. It is the opinion of Dr. Lopez-Enriquez that Dover had a credible, medically determinable impairment that caused her low back pain. Dr. Lopez-Enriquez explained that the medical records did not demonstrate a diagnosis or criteria for diagnosis of fibromyalgia that would meet impairment listing 1.02. But Dr. Lopez-Enriquez agreed that Dover had a fibromyalgia-type syndrom.

Furthermore, Dr. Lopez-Enriquez opined that Dover's condition did not meet or equal a listed impairment for purposes of establishing a disability. Dr. Lopez-Enriquez testified that Dover

remained capable of lifting and carrying twenty pounds occasionally and ten pounds frequently. It was the opinion of Dr. Lopez-Enriquez that Dover could stand for up to two hours at one time but she would then need to rest or change position. Dover would still need to change position even if she was sitting. Dover would probably need to avoid extreme temperatures. Dr. Lopez-Enriquez opined there would be no reason for Dover to miss work if she had a job that would accommodate her physical limitations.

### C. Reports of Other Persons Who Examined Dover

As the Magistrate Judge discusses in the report and recommendation [Court Doc. No. 25], there are other persons who examined Dover besides Dr. Brackett. These persons include David Caye, M.S., ("Caye") and Dr. William A. Holland.

In January 2003, Dover saw Caye at the request of a state government agency. Dover told Caye that she was depressed because she was unable to work due to her physical condition. Dover reported that she engaged in significant daily activities that included visiting with friends, light chores, regularly attending church services, and hobbies such as reading and crafts. Dover said she attended church three times a week and other times during the week depending on the activities scheduled at the church. Dover is involved in youth counseling at her church, and she participates in related activities such as cooking meals, playing games, conversing, and entering into devotions with the church youth program. Dover also told Caye that she and her husband go out to eat in a restaurant every Friday. Dover and her husband usually socialize and get together with friends at least twice a month for activities and meals. Dover and her husband go shopping together, and Dover drives an automobile. Caye sought to conduct a mental examination but Dover was not entirely cooperative in that she refused to elaborate on her past employment experiences. After the

mental examination, Caye opined that Dover had an intact ability to understand and remember. Dover's concentration was adequate although her persistence at tasks was erratic during the office visit. Dover's problem solving skills were intact.

Dover was examined by Dr. Holland in February 2003. Dover reported pain in her neck and back. Dover told Dr. Holland that she had been previously diagnosed as having arthritis, fibromyalgia, chronic fatigue syndrome, and migraine headaches but medication provided relief from the headaches in about one hour. Dover reported feeling tired all the time. Dr. Holland observed that Dover was able to walk without noticeable difficulty, and she was able to get on and off the examination table without assistance. Dr. Holland's physical examination of Dover revealed that she had a normal range of motion and full strength. Her deep tendon reflexes were equal and positive. Dr. Holland noted that Dover "looks better in person and on physical examination than she does on paper." Dr. Holland specifically noted that he would assign no physical limitations to Dover.

Based on this information contained in the reports of Caye and Dr. Holland, this Court concludes that the testimony and expert opinion of Dr. Lopez-Enriquez is consistent with and supported by substantial evidence in the record. Conversely, the opinion of Dr. Brackett concerning the particular limitations and restrictions on Dover's ability to perform work activity is inconsistent with and undercut by the reports of Caye and Dr. Holland , and other objective medical proof.

D. **Decision of ALJ**

The ALJ found that Dover's subjective allegations of disabling pain are not fully credible. The ALJ did not give the opinion of the treating physician, Dr. Brackett, controlling weight. The ALJ assigned considerable weight to and relied upon the opinion of Dr. Lopez-

9

Enriquez because he is a well-qualified, board certified rheumatologist, and his opinion was based on all of the evidence, including the reports of Caye and Dr. Holland. The information about Dover's daily activities Caye's report together with the report of Dr. Holland's medical examination of Dover constitute substantial evidence that support the opinion of Dr. Lopez-Enriquez regarding the limitations and restrictions on Dover's ability and functional capacity to perform work.

In his decision, the ALJ articulated his reasoning as follows:

> Social Security Regulations and Social Security Ruling 96-2p provide that, I must consider the opinions of physicians of record and that controlling weight must be given to the medical opinion of a treating physician; if the opinion is well supported by the medical evidence and if it is not inconsistent with other substantial evidence. Dr. Tsui and Dr. Brackett opined the claimant could not perform any sustained work activity. I find both physicians have adopted the claimant's subjective allegations as the primary basis for their opinion. The claimant alleges insufficient funds to purchase her medication, but has reported weekly dining out at restaurants and the remodeling of her home. Furthermore, the record suggests the claimant's headaches and pain complaints are controlled or reduced with medication. Although Dr. Brackett found tender point signs associated with fibromyalgia, the claimant's physical activities and relatively full range of joint and spinal motion do not support her allegations of disabling pain. Furthermore, diagnostic imaging scans of the shoulders, cervical, and lumbar spine, and hips reflect no more than mild to moderate degenerative disc disease and sacroilitis. The claimant takes care of her own personal needs, goes antiquing, and participates in church activities and may other activities. Therefore, I have not given the treating physicians opinions controlling weight, and I find that the claimant's subjective allegations of disability are not fully credible. I give considerable weight to the opinion of Dr. Lopez-Enriquez, the board certified rheumatologist, who reviewed the entire record and provided a functional assessment based on all the evidence.

Tr. 21, 22.

E. **Treating Physician Rule**

In Social Security disability cases, the opinion of a treating physician is generally entitled to greater weight than that of another physician who treats a claimant only once or who only

10

reviews the records without examining the claimant. However, the ultimate determination of disability rests with the Commissioner and not the treating physician. The Commissioner is not bound a by a treating physician's opinion where there is substantial evidence in the administrative record to the contrary. The opinion of a treating physician is only accorded great weight when it is supported by sufficient clinical data and is consistent with the objective medical evidence. *Warner*, 375 F.3d at 390; *Jones v. Commissioner of Social Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Storey*, 1999 WL 282700 at * 3; *Mansfield-Flatt v. Commissioner of Soc. Sec.,* 178 F.3d 1295 (Table, text in 1999 WL 196536, * 1 (6th Cir. March 22, 1999)); *Walters,* 127 F.3d at 530; *Cutlip*, 25 F.3d at 287; *Bogle v. Sullivan,* 998 F.2d 342, 347 (6th Cir. 1993); *Walker,* 980 F.2d at 1070; *Young v. Secretary of Health and Human Serv.,* 925 F.2d 146, 151 (6th Cir. 1990); *Loy v. Secretary of Health and Human Serv*., 901 F.2d 1306, 1308-09 (6th Cir. 1990); 20 C.F.R. §§ 404.1527(d) and (e).

In the instant case, the ALJ was faced with conflicting expert opinions from Dr. Brackett and Dr. Lopez-Enriquez. Based on all of the facts and evidence in the administrative record, the ALJ made a reasonable choice to not give the opinion of the treating physician, Dr. Brackett, controlling weight. Dr. Brackett's opinion was contradicted by, and inconsistent with, other substantial evidence in the record. The ALJ did not violate the treating physician rule and did not commit reversible error by deciding not to give controlling weight to Dr. Brackett's opinion.

The Court concludes that the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence in the record. As explained *supra* concerning the standard of review, the administrative decision of the Commissioner and the ALJ should be affirmed even if this Court might have decided the matter differently, or if there is some substantial evidence that supports the opposite conclusion. The Court may not substitute its own judgment for that of the

11

Commissioner and the ALJ merely because substantial evidence supports a different conclusion. *Storey,* 1999 WL 282700 at * 1; *Smith*, 99 F.3d at 782; *Cutlip,* 25 F.3d at 286.

## V.    <u>Conclusion</u>

Accordingly, Dover's objections to the Magistrate Judge's report and recommendation [Court Doc. No. 26] are **DENIED**.  Both the ALJ and the Magistrate Judge have correctly followed and applied the treating physician rule.

The Court **ACCEPTS and ADOPTS** the Magistrate Judge's report and recommendation pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P 72(b).  Plaintiff Dover's motion for summary judgment [Court Doc. No. 19] is **DENIED**.  The defendant's motion for summary judgment [Court Doc. No. 22] is **GRANTED** pursuant to Fed. R. Civ. P. 56.  The administrative decision of the Commissioner of Social Security will be **AFFIRMED.**  The plaintiff's complaint will be **DISMISSED WITH PREJUDICE** with each party to bear their own costs.  A separate judgment will enter.

SO ORDERED.

ENTER this *7th day of March, 2006*.


_____
                */s/ R. Allan Edgar*
               R. ALLAN EDGAR
         UNITED STATES DISTRICT JUDGE

12